IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ZAKARY K. SALAS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:08-CV-18 (CDL) |
| | * | 42 U.S.C. § 1983 |
| M. LINDA PIERCE, *et al.*, | * | |
| | * | |
| Defendants. | * | |

## ORDER GRANTING IFP AND RECOMMENDATION OF DISMISSAL

Plaintiff has filed the above styled Section 1983 action against the named Defendants. Plaintiff is also seeking leave to proceed without prepayment of the filing fee or security therefor. As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of his prison

account until the $350.00 filing fee is paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

## DISCUSSION

Plaintiff's complaint contends that his constitutional rights were violated during his prosecution, guilty plea and appeal process. (R-1, Plaintiff's Complaint). Plaintiff seeks injunctive relief, declaratory relief, and seeks monetary damages in the amount of $100,000.00. (Plaintiff's Complaint, p. 5).

<u>Preliminary Review of Complaint</u>

Pursuant to 28 U.S.C. § 1915A:

> (a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of a complaint, if the complaint —
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

To state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

## ANALYSIS OF THE LAW

A.  **Heck v. Humphrey**

Plaintiff's § 1983 action is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id*. at 487. When a section 1983 prisoner seeks damages, the district court must determine whether a judgment in favor of the plaintiff would necessarily render the conviction or sentence invalid.

Plaintiff fails to allege that any constitutional rights have been violated, but rather, merely makes vague statements that, if proved, would invalidate the state criminal proceeding. As Plaintiff has not demonstrated that his sentence has been reversed, expunged, invalidated, or called into question by a writ of habeas corpus pursuant to a State habeas corpus action, he fails to state a cause of action upon which this court may grant relief.

B.  **Statute of Limitations**

A statute of limitations begins to run when a cause of action accrues. Although 42 U.S.C. § 1983 does not contain a statute of limitations, the Supreme Court has held that the state limitation period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85

L.Ed.2d 254 (1985). The United States Court of Appeals for the Eleventh Circuit has held that the Georgia two-year personal injury limitations period for injuries to the person under O.C.G.A. § 9-3-33 applies to § 1983 actions in a Georgia district court. *Mullinax v. McElhenney*, 817 F.2d 711 (11th Cir. 1987) (construing O.C.G.A. § 9-3-33).

Although Plaintiff alleges that the incident took place "ongoingly and continuously," the majority of the dates Plaintiff alleges he was wronged by the Defendants range from May 2000 to November 2005. (R-1, Plaintiff's Complaint). Thus, even beginning at the latest of these dates, the two year period for the statute of limitations began to run on November 25, 2005, and ended on November 27, 2007. Plaintiff's complaint was dated February 1, 2008, two months after the statute of limitations expired on the latest of these dates. Therefore, those claims are barred by the applicable statute of limitations. The more recent dates reference Plaintiff's filing of his federal habeas petition in 2006 and it's dismissal as untimely in 2007. The court considered and addressed Plaintiff's claims that he was entitled to equitable tolling in his 28 U.S.C. § 2254 claim, and determined that he failed to meet his burden to show due diligence. These claims have been adjudicated and will not be addressed in this inappropriate forum. The liberal construction that is granted pro se litigants in filing their complaints does not mean that they are allowed lack of compliance with deadlines that are imposed by law. "Liberal construction does not mean liberal deadlines." *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999).

After preliminary review, it appears that the Plaintiff's case is subject to summary dismissal. Plaintiff has failed to state a claim upon which relief may be granted As Plaintiff has not demonstrated that his sentence has been reversed, expunged, or invalidated, he fails

4

to state a cause of action upon which this court may grant relief.

WHEREFORE, IT IS HEREBY **RECOMMENDED** that the current Complaint be **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2) and for failure to state a claim upon which relief may be granted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

So RECOMMENDED, this 12th day of February, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc